IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LEROY WILLIAMS, JR.,** )<br>)<br>   **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**JEANETTE LITTLE, et al.,** )<br>)<br>   **Defendants.** ) | Case No. 3:24-cv-712-ECM-CWB |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff previously was directed to "provide proof of proper service upon the defendants no later than August 4, 2025 or show cause by the same date as to why any unserved defendants should not be dismissed from this action without prejudice." (*See* Doc. 33). In response, Plaintiff has submitted an affidavit stating that he mailed service materials or waivers to the defendants at various times. (*See* Doc. 35). However, Plaintiff has not submitted proof of service upon any of the defendants and has not demonstrated a waiver of service by any of the defendants.

The Federal Rules of Civil Procedure permit service upon an individual by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2). Service upon an individual also is permitted by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1). Alabama law in turn permits service as set out in Rules 4 through 4.4 of the Alabama Rules of Civil Procedure.

1

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Although the Complaint here was filed on November 6, 2024 (*see* Doc. 1), there is nothing in the record purporting to reflect service upon Jeffery Jones (*see* Doc. 22), Robert F. Flournoy, Jr. (*see* Doc. 23), Tazi Flournoy (*see* Doc. 24), Michael Anderson (*see* Doc. 25), Suryarao Mudragada (*see* Doc. 26), Michael Porter (*see* Doc. 27), Saeed Shah (*see* Doc. 28), Cora McConnell (*see* Doc. 31), Michael Nolan (*see* Doc. 32), or Dilipkumar Patel (*see* Doc. 17). The certified mail return for Billy Joel Holley appears to be signed by "Tayan B" but is unmarked as to whether the signing party was an "Agent." (*See* Doc. 19). The certified mail return for Jeannette Little similarly is signed by an individual not designated as an "Agent." (*See* Doc. 29). The signature on the certified mail return for David Mieles is completely illegible and is blank in the field "Received By: (Printed Name)" such that the court would have to speculate as to whether the signature purports to be that of David Mieles. (*See* Doc. 21). And the certified mail return for Michael Anderson contains no signature at all. (*See* Doc. 20). The court thus is unable to conclude that service has been perfected upon any of the named defendants. *See Fuqua v. Turner*, 996 F.3d 1140, 1156 (11th Cir. 2021) (finding service of process deficient when certified mail return cards were unsigned or signed by persons not shown to be authorized agents for purposes of Rule 4(i)(2) of the Alabama Rules of Civil Procedure); *Golson v. Pineda*, 693 F. App'x 850, 851 (11th Cir. 2017) (per curiam) ("[U]nder Alabama's … rules of civil procedure service was not effective until Golson received a return receipt bearing Pineda's signature.") (citing Ala. R. Civ. P. 4(i)(2)(C)).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Medical Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). When service of process is insufficient, it is improper for the court to reach the merits. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007). Because well over 90 days have passed since the Complaint was filed, because the record does not reflect proper service of process upon any of the named defendants, and because the court already has afforded Plaintiff additional time to perfect service, it is now the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice. Plaintiff has not demonstrated good cause for further extension of the service deadline, nor does the court find that "any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).

It is **ORDERED** that all objections to this Recommendation must be filed no later than **August 25, 2025**. An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 11th day of August 2025.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**