IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEROY WILLIAMS, JR., )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>)<br>JEANETTE LITTLE, *et al.*, )<br>)<br>　Defendants. ) | CASE NO. 3:24-cv-712-ECM |

**O R D E R**

On August 11, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because the Plaintiff failed to timely perfect service on the Defendants. (Doc. 36). On August 28, 2025, the Plaintiff filed a motion for extension of time (doc. 37), which the Court construes as objections to the Recommendation, in which the Plaintiff requests an additional ten days to file a motion to serve the Defendants by publication. After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, and the Recommendation of the Magistrate Judge is due to be adopted.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

The Plaintiff filed his complaint on November 6, 2024. (Doc. 1). Thus, pursuant to Rule 4(m), he was required to serve the Defendants by February 3, 2025. "But if the plaintiff shows good cause for the failure to serve" the defendants within ninety days, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). On July 7, 2025, the Magistrate Judge ordered the Plaintiff to file, on or before August 4, 2025, proof of proper service on the Defendants or to show cause by the same date why any unserved Defendants should not be dismissed without prejudice. (Doc. 33). In response, the Plaintiff described some of his efforts to serve the Defendants by certified mail or to obtain waivers of service. (Doc. 35 at 4).

On August 11, 2025, the Magistrate Judge entered a Recommendation that this case be dismissed without prejudice pursuant to Rule 4(m). (Doc. 36). The Magistrate Judge

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

observed that "well over 90 days" had passed since the complaint was filed, and he further found that the Plaintiff had "not demonstrated good cause for further extension of the service deadline." (*Id.* at 3).

In his objections, the Plaintiff requests leave to file a motion to serve the Defendants by publication. The Plaintiff also details certain efforts he made to serve some of the Defendants by certified mail. (*See, e.g.*, doc. 37-1 at 2–3). Although the Plaintiff's objections are not sufficiently specific to trigger *de novo* review, the Court nonetheless undertook *de novo* review and concludes that, on this record, the Plaintiff has not shown good cause for further extension of the service deadline, which expired on February 3, 2025—nearly seven months ago. Consequently, his objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 37) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 36) is ADOPTED;

3. This case is DISMISSED without prejudice;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 29th day of August, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE